**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Gary Dressler, *et al.*,

    Plaintiffs,

    v.                                    Case No. 1:11cv89

Teresa Winkler, *et al.*,              Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the court on the October 12, 2011 Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (Doc. 8.) Both Plaintiffs and Defendants have filed objections (Docs. 10, 11), and Plaintiffs filed a response to Defendants' objections (Doc. 12).

### I.    BACKGROUND

Plaintiffs, proceeding *pro se*, bring this action under 42 U.S.C. §1983 against Defendants in their individual and official capacities for violation of Plaintiffs' rights under the First and Fourteenth Amendment to the United States Constitution. (Doc. 1.)

The Magistrate Judge set forth the relevant facts, and the same will not be repeated in detail here. Plaintiffs are residents of Green Township. Defendants Winkler, Linnenberg and Upton are Green Township Trustees. Defendant Celarek is the Administrator of Green Township. Plaintiffs claim Defendants violated their First Amendment rights to freedom of speech and to petition the government for redress of grievances. Plaintiffs' claims center

around three Trustee meetings, which took place on January 10, 2011, January 24, 2011. and February 14, 2011. Plaintiffs claim that Defendants violated their rights by threatening them with removal from the Trustee meeting and by actually having Plaintiff Dressler removed from a meeting.

The Magistrate Judge recommends that Defendants' Motion should be granted insofar as it is based on absolute legislative immunity for Defendants' conduct at the January 10, 2011 Trustee meeting. However, the Magistrate Judge recommends denying absolute legislative immunity and qualified immunity for Defendants' conduct at the January 24, 2011 Trustee meeting. The Magistrate Judge recommends denying Defendants' Motion insofar as it is based on a claim of absolute and qualified immunity for Winkler. However, the Magistrate Judge recommends granting Defendants' Motion as to Defendant Celarek, based on the conclusion that Celarek is entitled to qualified immunity. Finally, the Magistrate Judge concluded that Plaintiffs failed to state a claim for relief against Defendants in their official capacities, and therefore, those claims should be dismissed.

In their objections, Defendants argue that the Magistrate Judge should have recommended dismissing the Complaint in its entirety. In their objections, Plaintiffs argue that Defendants are not entitled to absolute legislative immunity for their conduct at the January 10, 2011 Trustee meeting. Neither side objects to the Magistrate Judge's recommendations regarding Plaintiffs' claims against Defendants in their official capacity, or the claim against Defendant Clearek in his individual capacity.

## II. ANALYSIS

The Magistrate Judge set forth the applicable standards of review and controlling

law.  The Magistrate Judge identified the main issue as being whether the challenged actions fall within the scope of Defendants' legislative duties, so as to entitle Defendants to absolute immunity, or whether the challenged actions constitute an administrative duty, such that Defendants can only claim qualified immunity.

In their objections, Defendants contend that the same type of conduct occurred in the January 10, 2011 meeting as in the January 24, 2011 meeting, so Defendants are entitled to absolute legislative immunity for actions during both meetings.

In discussing the January 24th meeting, the Magistrate Judge explained that it was not clear from the allegations in the Complaint: (1) whether the resolution was on the written agenda so that the Trustees were required to give Plaintiffs an opportunity to address it at the meeting pursuant to Resolution #98-0209-I (limited to a period of less than five minutes by the terms of Resolution #10-0628-K); and (2) whether Plaintiffs interrupted Winkler while she was reading the resolution, at which point the meeting would not have been open to public comment, or whether they attempted to speak after she was finished reading the resolution.  Therefore, the Magistrate Judge concluded that on a motion to dismiss, the Trustees should not be granted absolute legislative immunity.

The Court agrees with the Magistrate Judge that the nature of the proceedings when Plaintiffs sought to speak is unclear from the pleadings, and therefore Defendants are not entitled to absolute legislative immunity at this time.  As this Court has previously recognized: "While it is undeniable that the First Amendment envisions the 'uninhibited, robust, and wide-open' debate of public issues, it is also beyond doubt that the freedom of speech is not absolute."  *Kirkland v. Luken*, 536 F.Supp.2d 857, 873 (S.D.Ohio 2008) (quoting Frisby v. Schultz, 487 U.S. 474, 479 (1988)).  Another district court has described

the "tension" created by "a public body's interest in conducting an orderly and efficient meeting without fear of judicial intrusion, and a private citizen's interest in speaking freely to his or her elected representatives" as follows:

> The private citizen, by definition, generally has no official power to participate in the public body's decision-making process. When the body opens that process to the general public and allows input from the individual members of the community, the private citizen has a right to expect a fair and respectful hearing even if-maybe even *especially* if-the message is critical of the body. The First Amendment protects that right, while still accommodating the body's need to conduct its business efficiently, by allowing reasonable and content-neutral restrictions on speech.

*Shields v. Charter Tp. of Comstock*, 617 F.Supp.2d 606, 612 (W.D.Mich. 2009) (citing Hansen v. Westerville City School Dist. Bd. of Educ., 1994 WL 622153, *11-12 (6th Cir. 1994)).

Next, Defendants contend that because Plaintiffs did not establish a right to be heard during the reading of a resolution by the trustees in the January 24, 2011 meeting, Defendants are entitled to qualified immunity.

"When the defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to such immunity." *Kennedy v. City Of Cincinnati*, 595 F.3d 327, 336 (6th Cir. 2010) (citing Silberstein v. City of Dayton, 440 F.3d 306, 311 (6th Cir. 2006)). As the Magistrate Judge explained, without a more complete record, it cannot be determined from the allegations of the Complaint whether Defendants were imposing a valid time, place and manner restriction during the open comments period of a public meeting, or whether they were regulating plaintiff's speech based on content.

Moreover, as one court has observed, "[a] case can be disposed of at least four

times by a court during the course of litigation. A case may be disposed of by a court on a motion to dismiss. Fed.R.Civ.P. 12(b), on a motion for summary judgment, Fed.R.Civ.P. 56, on a motion for a directed verdict, Fed.R.Civ.P. 50(a), and on a motion for judgment notwithstanding the verdict, Fed.R.Civ.P. 50(b)." *Martin v. City of Eastlake*, 686 F.Supp. 620, 626-27 (N.D.Ohio 1988). Accordingly, Defendants may raise this defense again once the record is more fully developed.

Finally, Defendant Winkler argues that she is entitled to absolute legislative immunity for her conduct denying Dressler's request for prior approval to speak at the January 24, 2011 trustees meeting and removing Smith from the February 14, 2011 trustees meeting agenda.

Winkler's first argument is that the allegations with respect to Count II, which are Plaintiffs' individual capacity claims, only challenge Defendants' threat to remove Smith from a Trustee Meeting and the removal of Dressler from a Trustee Meeting. However, the Court notes that Plaintiffs are proceeding *pro se.* As a general rule, the pleadings of *pro se* plaintiffs should be construed more liberally than pleadings drafted by lawyers. *Williams v. Bowman*, 981 F.2d 901, 903 (6th Cir. 1992). The Court also notes that in the introductory paragraph to Count II (paragraph 38), Plaintiffs state that they "reallege Paragraphs 1 through 26."

Next, Winkler argues that the acts attributed to Winkler constitute regulating speech and conduct at a Trustees meeting, and therefore Winkler argues that she is entitled to absolute immunity. Again, according to the Complaint, the acts attributable to Winkler are: (1) Winkler's denial of Dressler's request for prior approval to speak during the January 24, 2011 Trustee meeting; and (2) Winkler's instruction to have Smith removed from the

February 14, 2011 Trustee meeting agenda. Winkler argues that there should be no distinction as to whether the action was taken before or during the meeting.

However, as the Magistrate Judge explained in her R&R, there is nothing in the Complaint to show that Winkler was performing legislative duties, and therefore she is not entitled to absolute immunity. The Court sees no reason to disturb this finding.

In their objections, Plaintiffs argue that the cases cited by the Magistrate Judge–*Afjeh v. Village of Ottawa Hills*, 2010 WL 1795973 (N.D. Ohio May 5, 2010) and *Timmon v. Wood*, 633 F.Supp.2d 453 (W.D. Mich. 2008)–are inapplicable and contrary to *Hansen v. Bennett*, 948 F.2d 397 (7th Cir. 1991).[1]

The Court finds that the Magistrate Judge applied the correct legal principles. *Hansen* is not factually similar because the challenged activity in that case occurred during an open public discussion. During the January 10, 2011 meeting, Dressler attempted to be heard during the reading of Resolution #11-0110-G. As the Magistrate Judge noted, at that time, Dressler had no right to speak publicly, and Defendants were acting to prevent him from interrupting. The Court agrees with the Magistrate Judge's conclusion that Defendants' actions were part of their legislative function, and therefore Defendants are entitled to absolute legislative immunity.

## III. CONCLUSION

Accordingly, the October 12, 2011 Magistrate Judge's R&R recommending that Defendants' Motion to Dismiss be granted in part and denied in part (Doc. 4) is hereby

---

[1] Plaintiffs refer to the case as "Hanson" and as being decided by the United States Supreme Court. However, the decision cited by the Magistrate Judge was *Hansen v. Bennett*, 948 F.2d 397 (7th Cir. 1991), which was discussed in this Court's decision in *Kirkland v. Luken*, 536 F.Supp.2d 857, 873 (S.D.Ohio 2008).

**ADOPTED**.

    **IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court